UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEUTSCHE BANK TRUST
COMPANY AMERICAS,

    Plaintiff,

v.                                              Case No. 2:19-cv-00642-FtM-60MRM

RONALD P. GILLIS, et al.,

    Defendants.
_____/

## **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

This matter is before the Court on "Plaintiff's, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates, Series 2006-QS8, Motion to Remand and Motion for Fees" filed through counsel on October 7, 2019. (Doc. # 6). Defendant Ronald P. Gillis[1] filed "Petitioner's Response in Opposition to Respondents Motion to Remand" pro se on November 12, 2019. (Doc. # 14).[2] On review of the motion, response, court file, and record, the Court finds as follows:

## **Background**

On January 16, 2008, Deutsche Bank filed a residential foreclosure action against Gillis in the Florida's Twentieth Judicial Circuit in and for Charlotte County, Florida. *See* (Doc. # 6-1). The state court entered a Default Final Judgment

---

[1] Despite being a Defendant, Gillis continues to refer to himself as "Petitioner/Plaintiff" and attempted to file a "Complaint" in this action on 11/12/2019. *See* (Docs. ## 1, 8, 9, 14, 15, 17).
[2] Gillis produced several additional filings meant to attack the motion to remand on different grounds. *See* (Docs. ## 8, 9, 16, 17).

of Foreclosure against Gillis on July 19, 2016, and Florida's Second District Court of Appeal and the Florida Supreme Court affirmed the entry of default final judgment. *See* (Doc. # 6-2); *Gillis v. Deutsche Bank Trust Co. Americas,* 251 So.3d 871 (Fla. 2d DCA 2018) (table), *aff'd*, *Gillis v. Deutsche Bank Trust Co. Americas*, Case No.: SC18-1424, 2018 WL 4181454 (Fla. Aug. 27, 2018). On September 4, 2019, Gillis filed his "Petition for Removal" claiming that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because his federal constitutional rights were violated during the course of the foreclosure proceedings. (Doc. # 1). Deutsche Bank seeks not only to remand this action to state court, but also attorney's fees and costs incurred as a result of the removal. *See* (Doc. # 6).

## Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108 (1941). The removing defendant bears the burden of establishing federal jurisdiction, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

## Discussion

District courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For purposes of § 1331, the Court applies the well-pleaded complaint rule to determine whether a

claim arises under federal law. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001).

Here, Deutsche Bank brought a foreclosure action under state law. Deutsche Bank does not assert a cause of action under any federal statute, nor does Deutsche Bank's right to foreclose depend on the resolution of any federal issue. *See Smith*, 236 F.3d at 1310 ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law") (internal quotations omitted); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Further, because "the plaintiff is the master of [its] own cause of action," Gillis' has attempted to inject a federal issue into this case through defenses and counterclaims cannot serve as the basis for removal.[3] *See King Provision Corp. v. Burger King Corp.*, 750 F. Supp. 501, 503 (M.D. Fla. 1990) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Further, the Eleventh Circuit has clarified that, in the context of foreclosure proceedings, if a party has exhausted its opportunities for relief in state court, "either because the time for relief by motion or appeal has run, leave to appeal has been denied, or the state's highest court has rendered a judgment[,] ... removal itself may be improper." *Aurora Loan Servs., LLC v. Allen*, 762 F. App'x 625, 628 (11th

---

[3] Gillis filed a "Complaint" on November 12, 2019. (Doc. # 15). As Gillis is a defendant in this action, not a plaintiff, the Court construes this filing as his attempt at filing a counterclaim.

Cir. 2019) (quoting *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 198–99 (11th Cir. 1991)). In *Aurora*, the Eleventh Circuit found that where a defendant in a foreclosure action attempts "to remove the foreclosure action [after] final judgment, there [is] no state-court action pending at the time to remove, inasmuch as nothing remain[s] for the state courts to do but execute the judgment." *Id.* (citing *Oviedo v. Hallbauer*, 655 F.3d 419, 425 (5th Cir. 2011). Gillis' petition for removal does nothing except stymy the execution of a valid, final judgment in state court for which he has already exhausted all potential remedies. As a result, Gillis' petition for removal was improper and the case must be remanded.

Deutsche Bank additionally seeks attorney's fees incurred as a result of the removal. *See* (Doc. # 6). Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court awards attorney fees "where the removing party lack[s] an objectively reasonable basis for seeking removal." *Bauknight v. Monroe Cty.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

A review of the record shows that (1) Gillis filed his removal petition to stall the execution of a valid, final judgment for which his appellate remedies have been exhausted; (2) there was no reasonable basis to allege federal question jurisdiction; and (3) he was served with a copy of the state court complaint over eleven years ago and has not provided any information to the Court on why his petition should be considered timely. Even considering Gillis' pro se status, the clear statutory provisions under which he sought removal, and his failure to produce any

reasonable argument in favor of his position require this Court to find that his petition was not objectively reasonable. *See Lost Mt. Homeowners Ass'n v. Rice*, 248 F. App'x 114, 116 (11th Cir. 2007). On this basis alone, fees are justified.

Furthermore, it apparent that Gillis has engaged in "an abusive pattern" of frivolous legal filings that have cost substantial resources to the federal and state courts, the taxpayers, and Deutsche Bank. *Rolle v. U.S. Marshals Serv.*, 5:15-cv-00192-Oc-22PRL, 2015 WL 4454537, at *3 (M.D. Fla. July 20, 2015) (quoting *Hurt v. Soc. Sec. Admin.*, 544 F.3d 908, 310 (D.C. Cir. 2008)). This petition for removal, filed just two days prior to the scheduled sale date of the property,[4] is just one example of Gillis' baseless attempts to restrict the state court's ability to execute a valid, final judgment.[5]

As such, the Court feels compelled to grant attorney's fees in the amount of $750.00 to Deutsche Bank to offset the costs of Gillis' improper removal.[6] The Court additionally warns Gillis that if he continues to make frivolous filings in the future, he may be subject to sanctions pursuant to Fed. R. Civ. P. 11(c), including monetary sanctions or injunctive relief directing the Clerk to no longer accept future filings by Gillis without first obtaining leave of the Court.

---

[4] The Court further notes that it has taken judicial notice of the state court's docket in this action and is aware that the Second DCA and foreclosure proceedings have both been forced to stay resolution of this case pending judgment by this Court. *See Deutsche Bank Trust Co. Americas v. Gillis*, Case No. 08-CA-252 (Fla. 20th Cir. Ct.); (Docs. ## 1, 6-8).

[5] *See e.g. Gillis v. Deutsche Bank Trust Co. Americas, et al.*, 52 So.3d 665 (Fla. 2d DCA 2010); 155 So.3d 348 (Fla. 2d DCA 2014); 208 So.3d 707 (Fla. 2d DCA 2015); 251 So.3d 871 (Fla. 2d DCA 2018); 277 So.3d 577 (Fla. 2d DCA 2019); No.: SC18-1424 (Fla. Aug. 27, 2018); 2:14-cv-00418-FtM-38CM (M.D. Fla.); (Doc. # 6-3, 6-4).

[6] $750.00 has been deemed by this district to be an appropriate award of fees in the context of a motion to remand. *See, e.g. Wells Fargo Bank, N.A. v. Armstrong*, 8:16-cv-03063-35AEP (M.D. Fla. Dec. 20, 2016); *U.S. Bank Nat. Ass'n v. De Andrade*, Case No. 6:12-cv-01054-Orl-28DAB (M.D. Fla. Sep. 12, 2012); *Fla. Emergency Physicians Kang & Assocs., M.D., P.A. v. Auto-Owners Ins. Co.*, Case No. 6:12-cv-01006-Orl-36DAB (M.D. Fla. Aug. 15, 2012).

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates, Series 2006-QS8, Motion to Remand and Motion for Fees" (Doc. # 6) is **GRANTED**.

2. Deutsche Bank Trust Company Americas is hereby **GRANTED** costs and fees in the amount of $750.00. The award shall bear post-judgment interest at the rate prescribed by 28 U.S.C. § 1961, accruing from the date final judgment is entered.

3. This action is **REMANDED** to state court for lack of subject matter jurisdiction. Once remand is effected, the Clerk is directed to terminate any pending deadlines and motions, and thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Ft. Myers, FL this 22nd day of November, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**