UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEUTSCHE BANK TRUST COMPANY
AMERICAS, as Trustee,

        Plaintiff,

v.                              Case No:  2:19-cv-642-JLB-MRM

RONALD P. GILLIS, et al.,

        Defendants.

_____

## ORDER

Before the Court is pro se Defendant, Ronald Gillis's "Motion to Strike Order of June 16, 2021 and Disqualification of Judge." (Doc. 37.) In short, Mr. Gillis asks that the Undersigned recuse himself under 28 U.S.C. § 455(a). (Id. at 2.) The dispute between Mr. Gillis and Plaintiff, Deutsche Bank Trust Company Americas ("Deutsche Bank") began as a foreclosure action which Mr. Gillis removed to this Court. (Doc. 1.) United States District Judge Tom Barber, before reassignment to the Undersigned, remanded the case and awarded Deutsche Bank $750 in attorney's fees. (Doc. 18.) As will be explained in detail below, Mr. Gillis's motion (Doc. 37) is **DENIED**.

A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Such recusal promotes "confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg v. Health Servs. Acquisition Corp., 486

U.S. 847, 865 (1988). But recusal is warranted "only if an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Amedeo, 487 F.3d 823, 828 (11th Cir. 2007) (quotation and citation omitted). The "perceptions of idiosyncratic, hypersensitive, and cynical observers" are not considered. In re Horne, 630 F. App'x 908, 910 (11th Cir. 2015) (citing Sensley v. Albritton, 385 F.3d 591, 599 (5th Cir. 2004)).

"If a clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified." Hunt v. Am. Bank & Trust Co., 783 F.2d 1011, 1016 (11th Cir. 1986). Practically speaking, a "law clerk has little incentive to influence a judge in an effort to curry favor with a former employer" and "isolating a law clerk should [] be acceptable when the clerk's former employer appears before the court." Byrne v. Nezhat, 261 F.3d 1075, 1102 (11th Cir. 2001), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008). And "a law clerk has no incentive to violate a court's instruction that he isolate himself from the case and thereby subject himself to discharge . . . . The obvious purpose of this procedure is to ensure that the appearance of partiality does not arise." Id.

Here, Mr. Gillis correctly notes that this Court has three law clerks and that Mr. Vitaliy Kats is one of them. This Court has tasked Mr. Kats with monitoring even-numbered cases with certain exceptions. Mr. Kats is never assigned a matter in which he, or his prior law firm, Greenberg Traurig, LLP had involvement. The Undersigned addresses all possible conflicts through an independent screening

system involving an administrative law clerk prior to assigning tasks related to any specific case.   Mr. Kats is not that administrative law clerk.   At no point has Mr. Kats worked on any part of this case, or any matter involving his prior employer, Greenberg Traurig, during his employment with the Undersigned at this Court. Thus, although Mr. Kats represented Deutsche Bank in many foreclosure matters during his tenure as an associate with Greenberg Traurig, it is of no consequence here because Mr. Kats has never worked on a case involving Greenberg Traurig with the Undersigned at this Court.[1]   And germane to Mr. Gillis's concerns in this case, Mr. Kats has been screened away from any discussion relating to this case whatsoever and at all times.   Instead, this case has been monitored by another law clerk.   Parker v. Connors Steel Co., 855 F.2d 1510, 1525 (11th Cir. 1988); Byrne, 261 F. 3d at 1100–103 (recusal unwarranted where law clerk isolated and matter assigned to different clerk).

To be clear, Mr. Kats has not played any role—directly or indirectly—in the adjudication of any dispute arising in this litigation, nor will he.   The Court therefore finds that Mr. Gillis has not "show[n] any personal bias on the part of the" Undersigned solely by virtue of Mr. Kats's position as a law clerk.   Lawal v. RTM, 260 F. App'x 149, 152 (11th Cir. 2006).

Accordingly, it is **ORDERED**:

1.    Mr. Gillis's motion to strike and for recusal (Doc. 37) is **DENIED**.

---

[1] The Court notes that no counsel of record for Deutsche Bank in this dispute is employed by Greenberg Traurig.

2.     His accompanying motion for extension of time to comply with the Court's June 16, 2021 order (Doc. 38) is also **DENIED**.

3.     **On or before July 13, 2021**, Mr. Gillis is **DIRECTED** to comply fully and meaningfully with the Court's June 16, 2021 order.   (Doc. 36.)

**ORDERED** at Fort Myers, Florida, on June 30, 2021

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE